IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-199-D

| | |
|---|---|
| WENDELL M. TURNER, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| EVELYN SAUNDERS, *et al.*, | ) |
| Defendants. | ) |

This matter is before the court for continued frivolity review following the court's entry of an order requiring Plaintiff to particularize his complaint. Plaintiff has neither filed a particularized complaint nor sought an extension of time to do so, and the time for filing a particularized complaint has expired. For the reasons set out below, the undersigned RECOMMENDS that Plaintiff's claims against Defendants be DISMISSED.

Plaintiff initiated this action upon filing an application to proceed in forma pauperis and his proposed complaint. Seven days after filing the original complaint, Plaintiff filed a proposed amended complaint. Plaintiff names Evelyn Saunders as a defendant and, by the use of "et al.," indicates there are additional defendants. However, Plaintiff's filings are devoid of any allegations that would provide her or

any other defendants with fair notice of what his claims are and the grounds upon which they rest.

Plaintiff appears to be living in a group home in Clayton, North Carolina and working at the Enhancement Center ("Center"). Plaintiff states that he has a "behavioral contract" with the Center in which he promises to amend his behaviors in certain ways in order to receive a twenty dollar biweekly stipend from the Center. Plaintiff works in the culinary section. He identifies "Jennifer" as his supervisor and "Gail" as the owner of the group home.

Plaintiff describes a conflict concerning Plaintiff's ability to make coffee at the Center. Plaintiff alleges he was not allowed to drink the Center's coffee, so Plaintiff brought coffee from the group home to brew for his personal use. Plaintiff states that he did this for about two days before Jennifer stopped him and asked him where he was getting the coffee. Plaintiff explained that he had brought his own coffee from the group home. Jennifer discussed the situation with her supervisor, and Plaintiff was told to return the coffee and cease bringing it to the Center. As a result, Plaintiff did not receive his stipend.

In his proposed amended complaint, Plaintiff alleges he was "blackmailed" into putting ten dollars of every twenty dollar stipend payment into savings. Plaintiff purports to assert claims for breach of contract, discrimination of an unspecified basis, cruel and unusual punishment, and blackmail. He requests relief in the form of $75,000, but does not indicate whether he is seeking to invoke federal question jurisdiction or diversity jurisdiction.

2

By order filed October 5, 2015, the court informed Plaintiff that his complaint "fail[s] to establish that this court has subject matter jurisdiction over the dispute and further fail[s] to adequately state a claim upon which [relief] may be granted." (Oct. 5, 2015, Order [DE #10] at 5.) In light of Plaintiff's pro se status and out of an abundance of caution, the court ordered directed Plaintiff to particularize his complaint no later than November 5, 2015, by filing with the court a new version of the complaint setting forth the following information: (1) "the party or parties sued"; (2) "the injury he claims to have suffered as a result of the actions of each defendant"; (3) "sufficient facts to support each of his claims"; and (4) "facts demonstrating that this court has subject matter jurisdiction over his claims." (*Id.* at 5.) Plaintiff was warned that failure to file a particularized complaint may result in dismissal of his claims.

Plaintiff has failed to file a particularized complaint as ordered by the court and the time for doing so has expired. Thus, Plaintiff's claims should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with this court's October 5, 2015, order, or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED in its entirety.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **November 30, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 6th day of November 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge